UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>   v.<br><br>ERIC SHIBLEY,<br><br>               Defendant. | Case No. CR20-174 JCC<br><br>DETENTION ORDER |

This matter is before the Court on Defendant's motion for review of detention order. (Mot. (Dkt. # 46).) Having reviewed the motion, the Government's response (dkt. # 50), Defendant's reply (dkt. # 53), and heard the argument of counsel on November 20, 2020, the Court DENIES the motion to reopen. For the reasons stated on the record and below, the Court orders Defendant detained.

Defendant was placed on bond on June 30, 2020 with the condition that he not commit any new federal, state, or local crimes during his release and that he was prohibited from obtaining a loan without approval of his U.S. Probation Officer. (Dkt. # 6.) On September 12 and 15, 2020, Defendant was accused of committing the crime of assault involving his girlfriend. On September 28, 2020, Defendant appeared before the undersigned and revoked Defendant's bond

DETENTION ORDER - 1

based on a finding that there was probable cause to believe Defendant committed the two new criminal charges, Defendant had not been forthcoming as to his relationship with the alleged victim, and Defendant was already on probation from another jurisdiction for violating a no-contact order with his ex-wife. (Dkt. # 29.)

Defendant moves to reopen his detention hearing based on new evidence relating to the safety of the alleged victim in the state assault charges, the viability of the Defendant's real estate business without his oversight, and his ability to assist in his defense. (Mot. at 3.) In his reply memorandum, the Defendant argues that his psychological and physical health are new circumstances to reopen the detention hearing. (Reply at 4-5.) Defendant states that he is not receiving his anti-psychotic medication at the FDC and is therefore suffering as a result. (*Id.*)

First, the Court does not find that there is new evidence regarding the safety of the alleged victim. It appears that she is in treatment but is still residing in Defendant's home. Second, the Court does not consider Defendant's real estate business and whether he can successfully manage it from the FDC in making its bond determinations. Finally, although Defendant now claims to take anti-psychotic medication, when he was interviewed in June 2020, with the assistance of counsel, he denied any mental health issues. The Court does not find there is sufficient evidence to reopen the bond hearing on this basis. To the extent Defendant is unable to assist in his defense of the matter due to being at the FDC, the Court does not find there is sufficient facts to support a finding that Defendant is unable to assist in his defense while at the FDC.

It has also come to light that while Defendant was on pretrial release he attempted to purchase a property on July 21, 2020 and signed a Purchase and Sale Agreement for the property which he planned to finance. As this would require the approval of his probation officer,

1  Defendant contacted his probation officer who denied his request to purchase the property.
2  Defendant then appears to have convinced his girlfriend, the alleged victim of the assault
3  charges, to purchase the property in her name even though she was unemployed, had no income,
4  and was dependent on Defendant. The Court is concerned that this was an attempt by Defendant
5  to circumvent the bond conditions set by the Court.
6  　　　　The Court DENIES Defendant's motion to reopen the detention hearing.
7  　　　　Dated this 20th day of November, 2020.

　　　　　　　　　　　　　　　　　　　　　　　MICHELLE L. PETERSON
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

DETENTION ORDER - 3