THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC SHIBLEY,<br><br>　　　　　　　Defendant. | CASE NO. CR20-0174-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion for entry of a protective order restraining certain forfeitable property (Dkt. No. 41). Having thoroughly considered the motion and the relevant record, the Court hereby GRANTS the motion.

The Government seeks to restrain the following property:

A. $49,500.86 in U.S. funds, seized on or about May 29, 2020 from Navy Federal Credit Union account #******7528, held in the name of Eric R. Shibley MD PLLC;

B. $100,000.00 in U.S. funds, seized on or about May 29, 2020 from Wells Fargo account #******2378, held in the name of ES1 LLC;

C. $804,816.63 in U.S. funds, seized on or about May 27, 2020 from Wells Fargo account #******3536, held in the name of The A Team Holdings LLC;

D. $114,440.00 in U.S. funds, seized on or about June 30, 2020 from Verity Credit Union account #***5390, held in the name of Dituri Construction LLC; and

E.   $114,743.59 in U.S. funds, seized on or about June 30, 2020 from Verity Credit Union account #***5320, held in the name of SS1 LLC.

The Court, having reviewed the papers and pleadings filed in this matter, including the United States' Motion and supporting Declaration of Federal Bureau of Investigation Special Agent ("SA") Kathleen Moran, hereby FINDS entry of a protective order restraining the above-identified property (hereafter, the "Subject Property") is appropriate because:

- The United States gave notice of its intent to pursue forfeiture in the Indictment (Dkt. No. 31) and the Forfeiture Bill of Particulars (Dkt. No. 39);
- Based on the facts set forth in SA Moran's Declaration, there is probable cause to believe the Subject Property is subject to forfeiture in this case; and
- To ensure the Subject Property remains available for forfeiture, its continued restraint, pursuant to 21 U.S.C. § 853(e)(1), is appropriate.

NOW, THEREFORE, THE COURT ORDERS:

1. The United States' request for a protective order restraining the Subject Property pending the conclusion of this case is GRANTED; and
2. The Subject Property shall remain in the custody of the United States, and/or its authorized agents or representatives, pending the conclusion of criminal forfeiture proceedings and/or further order of this Court.

DATED this 24th day of November 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE