THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ERIC SHIBLEY,<br><br>    Defendant. | CASE NO. CR20-0174-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for a trial without COVID-related restrictions (Dkt. No. 77) and his motion to dismiss assertedly multiplicitous counts or, alternatively, require the Government to elect the counts for which it will try him (Dkt. No. 78). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES both motions for the reasons explained below.

**A.    Motion for Trial Without COVID-related Restrictions**

Defendant asks the Court to order that mask-wearing in the courtroom be optional for "trial participants and the public, alike, and that no mask mandate apply for vaccinated persons," and "for removal of Plexiglass barriers in the courtroom." (Dkt. No. 77 at 2.)

Although the District's General Orders require "[a]ll individuals" to wear a facemask "unless directed to remove their mask by the presiding judge," W.D. Wash., General Order 11-21 (August 13, 2021), that does not mean a judge may simply suspend masking requirements

wholesale. Moreover, as the Government points out, under the General Order, the default procedure is for individuals addressing the Court and witnesses on the stand to remove their masks. *Id.* at 2.

Moreover, while Defendant and his counsel may be vaccinated, recent studies suggest that vaccine immunity may wane over time,[1] and the highly transmissible Delta variant is thought to spread readily even among vaccinated people.[2]

Finally, while Defendant relies on the Fifth and Sixth Amendments to the Constitution, he cites no legal authority supporting his position except for a single case in the Southern District of New York that *rejected* a Confrontation Clause challenge to mask-wearing requirements.

The Court DENIES Defendant's motion to hold trial without COVID-related protections.

**B.     Motion to Dismiss Multiplicitous Counts**

The indictment alleges that Defendant obtained COVID-19 pandemic relief funds authorized under the CARES Act by submitting fraudulent applications on behalf of several business entities he controlled that, in fact, had no business operations. (*See generally* Dkt. No. 31.) Defendant is charged with seven counts of wire fraud, three counts of bank fraud, and five counts of money laundering. (*Id.* at 9–15.) He argues that, because Counts 2 and 4 alleging wire fraud are based on "virtually identical conduct" as Counts 8 and 10 alleging bank fraud, the counts are multiplicitous and violate Defendant's rights under the Constitution's Double

---

[1] Hiam Chemaitelly, et al., *Waning of BNT162b2 Vaccine Protection against SARS-CoV2 Infection in Qatar*, NEW ENG. J. OF MED. (OCT. 6, 2021), *available at* https://www.nejm.org/doi/full/10.1056/NEJMoa2114114?query=featured_home; Einav v. Levin, et al., *Waning Immune Humoral Response to BNT162b2 Covid-19 Vaccine over 6 Months*, NEW ENG. J. OF MED. (Oct. 6, 2021), *available at* https://www.nejm.org/doi/full/10.1056/NEJMoa2114583?query=featured_home.

[2] Nidhi Subbaraman, *How Do Vaccinated People Spread Delta? What the Science Says*, NATURE (Aug. 12, 2021), *available at* https://www.nature.com/articles/d41586-021-02187-1; *see also Interim Public Health Recommendations for Fully Vaccinated People*, CTRS. FOR DISEASE CONTROL & PREVENTION (Sep. 1, 2021), *available at* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated-guidance.html (recommending that fully vaccinated people wear mask in "public indoor settings in areas of substantial or high transmission").

ORDER
CR20-0174-JCC
PAGE - 2

Jeopardy Clause. (Dkt. No. 78 at 2–4.)

Where the same conduct violates multiple statutes, the Government's ability to charge separate offenses depends on the test from *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Under *Blockburger*, charging the same conduct in separate counts is generally permissible if each charge requires proof of an element that the other does not. *United States v. Zalapa*, 509 F.3d 1060, 1062 n.1 (9th Cir. 2007). It does not matter that there may be "a substantial overlap in the proof offered to establish the crimes." *United States v. Wahchumwah*, 710 F.3d 862, 869 (9th Cir. 2013).

Defendant is charged with wire fraud under 18 U.S.C. § 1343 and bank fraud under 18 U.S.C. § 1344(2). The wire fraud statute requires the Government to prove a wire transmission in interstate commerce; the bank fraud statute does not. The bank fraud statute requires proof that the target of the fraud was a federally insured financial institution; the wire fraud statute does not. Thus, the indictment is not multiplicitous. *See Bald Eagle Area School Dist. v. Keystone Fin., Inc.*, 189 F.3d 321, 330 (3d Cir. 1999) ( "[T]he same set of facts can support convictions for mail fraud, wire fraud, bank fraud and securities fraud without giving rise to any multiplicity problems. Each of those offenses requires proof of a fact which the others do not." (citations omitted)). The Court thus DENIES Defendant's motion to dismiss.

For the foregoing reasons, Defendant's motions (Dkt. Nos. 77–78) are both DENIED.

DATED this 18th day of October 2021.

John C. Coughenour
UNITED STATES DISTRICT JUDGE