UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>ERIC R. SHIBLEY,<br><br>Defendant. | NO. CR 20-174JCC<br><br>**GOVERNMENT'S SENTENCING MEMORANDUM** |

I. **Introduction**

Eric Shibley will be sentenced by this Court for his scheme to fraudulently obtain relief funds meant for small businesses suffering because of the COVID-19 pandemic. Shibley engaged in scheme to obtain over $3.6 million dollars from COVID-19 relief programs set up by the government, including the Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program run by the Small Business Administration ("SBA"). As part of his scheme, Shibley submitted false information and documentation about the payroll, employees, and revenues of the entities he controlled in order to obtain pandemic relief funds.

Per the Section 3553(a) factors, a sentence of 97 months of imprisonment, and three years of supervised release is the appropriate sentence in this case for adequate deterrence, and to recognize the seriousness and nature of this offense.

GOVERNMENT'S SENTENCING MEMORNANDUM - 1
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## II. Factual Background

In early 2020, as the COVID-19 pandemic spread across the country causing death and economic distress, the government assembled relief programs to help those whose livelihoods were jeopardized. However, Shibley, who had no employees or payroll, took advantage of the programs by claiming to own companies with employees and payroll that did not exist. He fraudulently applied for funds from both the PPP and EIDL programs in the name of fake businesses, supported by false tax forms. As part of his scheme, Shibley provided false and fraudulent information about entities that he controlled to participating lenders and the SBA, including:

- That Shibley had over 150 employees across six different businesses;
- That Shibley paid payroll of approximately $1,000,000 a month across his six different businesses; and
- That Shibley paid payroll taxes for his over 150 employees.

Further, in his PPP applications, Shibley falsely affirmed that he was not on probation, when he was on probation for violating a protection order from Skagit County.

### A. CARES Act

The Coronavirus Aid, Relief, and Economic Security ("CARES") Act is a federal law enacted in March 2020 and designed to provide emergency financial assistance to the millions of Americans who are suffering the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses through the PPP. A PPP loan application must be processed by a participating financial institution (the lender). If a PPP loan application is approved, the participating financial institution funds the PPP loan using its own monies, which are 100% guaranteed by the Small Business Administration ("SBA"). PPP loans are obtained by submitting an application to a financial institution along with supporting documentation as to the business's payroll expenses.

GOVERNMENT'S SENTENCING MEMORNANDUM - 2
United States v. Eric Shibley, CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The CARES Act also authorizes the SBA to provide EIDLs up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic. In addition, pursuant to the CARES Act, the SBA is authorized to issue advances of up to $10,000 to small businesses within three days of applying for an EIDL. The amount of the advance was determined by the business's number of employees. The advances did not have to be repaid. Unlike PPP loan applications, EIDL applications are submitted directly to the SBA. EIDL funds can be used for payroll expenses, sick leave, production costs, and business obligations, such as debts, rent, and mortgage payments.

**B. Shibley's scheme to obtain multiple fraudulent PPP Loans and EIDLs**

From March 2020 through June 2020, Shibley submitted 26 PPP applications and 13 EIDL applications on behalf of seven businesses that did not exist – Eric R Shibley MD PLLC, SS1 LLC, ES1 LLC, The A Team Holdings LLC, Dituri Construction LLC, SFC LLC a/k/a Seattle's Finest Cannabis LLC, and a sole proprietorship (the "Shibley entities"). The loans are summarized in Government's Exhibit 205. Shibley knew that these entities did not exist and did not have employees or revenue; nevertheless, his applications represented that he had over 150 employees and was paying over $1 million in payroll a month. He included fake IRS tax forms with his applications to support these made-up numbers. On the applications, Shibley repeatedly certified that the information and documents he provided in support of the application were "true and accurate in all material respects."

While some of the Shibley entities were registered with Washington state, none of them had filed taxes with the IRS or Washington state in 2019 and 2020. Furthermore, an analysis of the bank accounts that Shibley controlled showed that they were not paying over a million dollars a month in payroll in 2019 and 2020. Many of the entities did not even have bank accounts until after Shibley applied for the loans.

As a result of his scheme, Shibley actually received over $2.8 million in PPP and EIDL funds. After Shibley received loan money, he immediately transferred the money to other accounts and attempted to withdraw the fraudulent loan proceeds in cash. He

GOVERNMENT'S SENTENCING MEMORNANDUM - 3
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

continued to withdraw money even after learning that the government had questions about his loan applications. He was successful in withdrawing approximately $200,000 in cash that the government was unable to trace.

Federal agents caught on to Shibley's scheme and arranged undercover calls with Shibley to verify the loan documents. After speaking with federal agents posing as lender representatives, Shibley attempted to conceal his scheme by providing the lenders with a list containing fake employee names and social security numbers. The lists, which were supposed to be for two separate businesses, were nearly identical. But more concerningly, none of the people on the lists actually worked for Shibley. One of the names was of an individual who died in 1987. Another one was a woman who had never heard of nor worked for Shibley. Shibley used the identities of these individuals to further his fraudulent scheme.

Once Shibley became aware that lenders and investigators were onto his scheme, he doubled down. He continued to submit loan applications, even after learning of the "federal investigation" at the end of May. And he continued to attempt to withdraw the fraudulent loan proceeds in cash up until his arrest at the end of June.

### C. Obstruction of the Grand Jury Investigation

Shibley was approached by federal agents in June 2020 and served with federal grand jury subpoenas for documents issued Shibley and his entities. In response to the subpoenas, Shibley provided the government with some of the same false IRS Forms 941 (for SS1 LLC, The A Team Holdings LLC, Dituri Construction LLC, SFC LLC, Eric R. Shibley MD PLLC, and ES1 LLC) and W-3 (for SS1 LLC, ES1 LLC, and Eric R. Shibley MD PLLC) that he submitted in support of his fraudulent PPP applications. PSR at ¶ 18; *see also* GX 225 at pp. 114-132. None of these forms had been filed with the IRS.

Furthermore, Shibley testified at trial that he obstructed the grand jury investigation by not turning over documents that the grand jury subpoenas called for. As an example, Mr. Shibley testified that he "chose not to" turn over the employee names for

GOVERNMENT'S SENTENCING MEMORANDUM - 4
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Dituri Construction LLC business. *US v. Shibley* Trial Transcript, Testimony of Eric Shibley, November 18, 2021, p. 569, line 19.

## II. Procedural History

### A. Prosecution

On June 29, 2020, Shibley was arrested pursuant to a complaint for one count of Wire Fraud, in violation of Title 18, United States Code, Section 1343 and one count of Bank Fraud, in violation of Title 18, United States Code, Section 1344. *See* Complaint, ECF No. 1. On October 15, 2020, Shibley was indicted by a federal grand jury on fifteen counts of wire fraud, bank fraud, and money laundering. ECF No. 31.

### B. Pretrial Detention

After being arrested in June 2020, Shibley was released on an appearance bond with a condition to not commit any violations of law. In September, while released on bond in this case, Shibley was arrested after the Seattle Police Department was twice called to his West Seattle residence on reports of domestic violence by Shibley against his girlfriend. Shibley was subsequently charged in Seattle Municipal Court with assault. In responding to the second assault, the responding officer noticed the victim had fresh bruises under both her eyes, a laceration on her nose, and swelling around her left middle finger when taking the report. PSR at ¶ 42. That case remains pending. *Id*. As a result of the arrest, Defendant was charged with two violations of the conditions of his release in this case: 1) committing the crime of assault on or about September 12, 2020; and 2) committing the crime of assault on or about September 15, 2020.

As a result of Shibley's arrest while out on pretrial release, Judge Peterson revoked Shibley's bond on September 28, 2020 and ordered him detained pending trial. ECF No. 29. In her order revoking bond, Judge Peterson found that Shibley was unlikely to abide by any release conditions and noted that Shibley was alleged to have committed "the underlying crime and the two domestic violence assaults while on probation for violating a no contact/protection order. Defendant is alleged to have failed to appear for his appointments for domestic violation as required by his probation. Defendant's

GOVERNMENT'S SENTENCING MEMORANDUM - 5
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

criminal history appears to show that Defendant violated prior protection orders on at least four different occasions." *Id.* Furthermore, Judge Peterson noted that Shibley "appears to have provided misleading information to his pretrial service officer when questioned about the recent allegations of domestic violence assault." *Id.*

On November 20, 2020, Judge Peterson denied Shibley's motion for review of the detention order. ECF No. 58. Shibley sought review of his detention primarily because he was not receiving anti-psychotic medication that he claimed to be taking at the FDC. *Id.* at 2. In denying that motion, Judge Peterson noted that "although [Shibley] now claims to take anti-psychotic medication, when he was interviewed in June 2020 [by Pretrial Services], with the assistance of counsel, he denied any mental health issues." *Id.*

In her order, Judge Peterson also noted concern about another "attempt by Defendant to circumvent the bond conditions set by the Court." *Id.* at 3. On July 21, 2020, while on pretrial release, Shibley tried to purchase another property, which would have required the consent of his pretrial services officer. After his request to purchase the property was denied by his officer, Shibley persuaded his girlfriend (and the victim in the September 2020 assault case) "to purchase the property in her name even though she was unemployed, had no income, and was dependent on Defendant." *Id.*

On February 24, 2021, this Court denied Shibley's motion to revoke Judge Peterson's detention order. ECF No. 72. This Court found that there was probable cause to believe that Shibley had committed the crime of assault while on pretrial release. *Id.* at 7. The Court noted that Shibley should be detained because "he is unlikely to abide by any conditions of release that would ensure M.B. and the community's safety." *Id.* The Court also found that the evidence of the July 2020 loan was "sufficiently compelling for this incident to inform the Court's assessment of whether Mr. Shibley is likely to abide by his conditions of release under Section 3148(b)(2)(B)." *Id.* at 8.

**C. Competency Proceedings**

At a status hearing with the Court on November 16, 2020, Shibley raised certain mental health concerns and later filed a motion for a competency evaluation. ECF Nos.

GOVERNMENT'S SENTENCING MEMORNANDUM - 6
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

49, 52.  On November 25, 2020, the Court granted Shibley's motion for a competency evaluation.  ECF No. 62.  Dr. Cynthia Low, a forensic psychologist at FDC SeaTac, conducted the evaluation and provided the Court with a report.  ECF No. 68.  On February 24, 2021, the Court found Shibley competent to stand trial after a review of Dr. Low's competency report which found that Shibley was "most likely malingering." *Id*.  The Court summarized the contents of the report in finding Shibley competent:

> After administering six psychological tests to Mr. Shibley, reviewing his available medical history, and evaluating his external communications, Dr. Low concluded that Mr. Shibley "is most likely malingering for the purpose of obtaining pre-trial release and evading criminal prosecution." (Dkt. No. 68 at 24.) In short, Mr. Shibley's performance on the psychological tests was so poor that it suggests that he is "feign[inga] cognitive and memory deficits and psychotic symptoms [because] he feels it will benefit his legal case." (*Id.* at 25.) In addition, Mr. Shibley has not provided any evidence of a history of mental health issues. In fact, he affirmatively denied any history of mental health issues when he was interviewed by the Probation Office shortly after he was arrested in June 2020, (Dkt. No. 3 at 3), and when he was booked into the Federal Detention Center on September 21, 2020, (Dkt. No. 68 at 12). Finally, the e-mails Mr. Shibley sent from the FDC suggest that he is competent and is not suffering from the severe mental health issues he claims. Mr. Shibley wrote lengthy e-mails to his business partners explaining his legal circumstances and providing them with detailed instructions about how to manage his real estate investments and personal affairs while he is incarcerated. (*Id.* at 16–18.) For example, he told them how to pay various mortgages, evict his tenants, access his bank accounts, pay his bills, and suggested prices at which they should sell his properties. (*Id*.) These e-mails suggest that he is not experiencing mental health issues that would impact his ability to understand the nature and consequences of the proceedings against him and assist in his defense.

ECF No. 72 at 4-5.

**D. Trial and Presentence Report**

After a four-day trial, a federal jury found Shibley guilty of all fifteen counts in the Indictment on November 18, 2021.  A Presentence Report was prepared by the Probation Office and the final report was distributed on February 22, 2022.  The government accepts the PSR as written and withdraws any outstanding objections to the PSR.

GOVERNMENT'S SENTENCING MEMORNADUM - 7
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The government agrees with the PSR that the loss amount is more than 3,500,000, but less than $9,500,000, thus the base offense level should be increased by 18 levels pursuant to USSG §2B1.1(b)(1)(J). For purposes of this guideline, "loss is the greater of actual loss or intended loss." While Shibley actually obtained over $2,800,000, he intended to obtain over $3,500,000 in loans.

Shibley submitted over 25 PPP loan applications. Because program rules allowed for companies to submit more than one application per company, loss should be calculated using the highest loan amount Shibley sought for each company / tax identification number ("EIN"). In some instances, Shibley submitted applications using the same business name, but a different EIN. In those instances, using a different EIN shows Shibley's intent to obtain two different loans for the same business. Using this method, the loss amount is $3,639,650. The loans that make up this calculation are detailed below:

**PPP Loans**

| Entity | EIN | Loan Amount | Lender | GX |
|---|---|---|---|---|
| Dituri Construction | 84-4218508 | $980,000 | Customers Bank / Ready Capital | 3 |
| The A Team Holdings | 83-3477088 | $960,000 | Customers Bank / Ready Capital | 1 |
| ES1 | 46-1305849 | $100,000 | TCF Bank | 22 |
| SS1 | 85-0767509 | $820,000 | Harvest Small Business Finance | 5 |
| Seattle's Finest Cannabis | 82-3383580 | $100,000 | TCF Bank | 2 |
| Eric R Shibley MD PLLC | 46-1305849 | $94,750 | Ready Capital | 11 |
| Eric R Shibley MD PLLC | 46-1599052 | $93,900 | Idaho Central Credit Union | 19 |

GOVERNMENT'S SENTENCING MEMORNANDUM - 8
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**EIDLs**

| Entity | EIN | GX | Amount Approved[1] | SBA Loan Number |
|---|---|---|---|---|
| Dituri Construction | 84-4218508 | 27 | $115,000 | 3304338608 |
| ES1 | 46-1305849 | 32 | $90,000 | 3304228652 |
| SFC LLC | 82-3383598 | 29 | $75,000 | 3304338580 |
| Seattle's Finest Cannabis | 82-3383580 | 31 | $15,000 | 3601282989 |
| SS1 | 85-0767509 | 28 | $115,000 | 3304338551 |
| Eric R Shibley MD PLLC | 46-1599052 | 34 | $31,000 | 3600262629 |
| Eric Shibley | N/A | 35 | $25,000 | 3601212749 |
| Eric DBA Shibley | N/A | 36 | $25,000 | 3601212786 |

All of the loans detailed above are part of the same scheme and contained the same false statements.

Shibley objects to the addition of the sophisticated means enhancement pursuant to U.S.S.G. §2B1.1(b)(10). Shibley's scheme included the use of shell companies and false tax forms, which fit squarely within the sophisticated means enhancement. Further, other PPP schemes sentenced in this district have included the sophisticated means enhancement. *See United States v. Zhang*, CR20-169 RAJ; *United States v. Mohan*, CR21-41 JCC; *United States v. Hsu*, CR20-191 JLR.

### III. Sentencing Recommendation

The § 3553(a) factors warrant a sentence of 97 months followed by three years of supervised release. The § 3553(a) factors do not support the 48 month term of imprisonment recommended by the Probation Office of 48 months. *See* Recommendation at 3-4.

---

[1] The government has attached SBA Rapid Decision forms to this submission that show that amount that was approved and accepted for these loans as Exhibit A.

GOVERNMENT'S SENTENCING MEMORNANDUM - 9
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

### A. Nature and Circumstances of the Offense

As the government, nonprofits, and businesses worked to try and help small businesses suffering from the effects of the unprecedented COVID-19 pandemic, Shibley engaged in a cash grab.

This offense deserves punishment because of its extensive nature. While the offense period was short, spanning from March to June 2020, Shibley fraudulently submitted multiple applications to the PPP and EIDL program and obtained over $2.8 million in fraudulent loan funds. This was not a one-time error in judgment, but rather a calculated attempt to take advantage of the relief systems set up for those that were truly in need because of the pandemic. Shibley applied for 26 PPP loans and 13 EIDLs using false statements about his employees and payroll supported by fake tax forms.

Furthermore, Shibley did not simply exaggerate the state of a business that he owned. None of the Shibley entities had employees or payroll, despite his representations that his entities had approximately 150 employees and they were paying over a million dollars of payroll per month. Shibley created fake paperwork and tax forms to create the illusion that these businesses had real employees, paid payroll, and had been in operation as of February 15, 2020. He submitted outright lies to lenders and the government to perpetuate his scheme. Shibley sought to get money from any source and by any means available, without any regard for the harm it caused those who actually needed the funds.

At a time when millions of Americans and small business owners were suffering from the effects of the COVID-19 pandemic, Shibley elected to defraud the very programs set up to help those in need. By applying for and receiving these funds, Shibley deprived suffering small business owners of the opportunity to get the funds. Furthermore, Shibley had sizable assets at the time of the conduct – his home in Seattle worth between $1.5 and 4 million and three rental properties worth approximately $2 million. PSR at ¶ 64. This offense was motivated purely by greed. *See United States v.*

GOVERNMENT'S SENTENCING MEMORNANDUM - 10
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

*Khan*, No. 12-CR-0860 YGR, 2014 WL 2930656, at *5 (N.D. Cal. June 27, 2014) (in a bank fraud case, finding upward variance in sentencing was warranted because the defendant's "only apparent motive was greed"); *c.f. United States v. Eggleston*, 347 F.Supp.3d 381, 384 (E.D. Wisc. 2018) (in bank fraud case, noting as a mitigating factor that embezzlement offense was committed to support business rather than for personal enrichment).

And Shibley would have continued to seek COVID-19 relief funds without law enforcement intervention – even after he was interviewed by agents posing as lender representatives in May 2020 and later law enforcement in June 2020, he continued to apply for PPP and EIDL money and attempt to take out ill-gotten gains in cash until he was arrested at the end of June. Mere days after being approached by law enforcement and served grand jury subpoenas in June 2020, Shibley attempted to take out EIDL proceeds in cashier's checks from Verity Credit Union.

Finally, the offense was not limited to obtaining funds fraudulently. It also involved significant efforts towards concealing the true nature of his scheme. When the lenders and law enforcement started to inquire about the loans, Shibley did not merely lie; he took the additional step of providing fake employee names and social security numbers to the lenders. The use of identities of unrelated individuals to conceal the scheme makes this offense even more serious. Shibley provided lenders with the last four digits of their social security numbers, phone numbers, and names of individuals who had never even heard of Shibley, let alone worked for him. While Shibley was not charged with identity theft, the use of other people's identities to further his scheme adds to the seriousness of this offense.

And Shibley's efforts to conceal the scheme did not stop with the lenders: Shibley also obstructed a federal grand jury investigation by passing along fake tax forms to the grand jury investigating his conduct. *See United States v. Hayes*, 190 F.3d 939, 947 (9th Cir. 1999), *reh'g en banc granted, opinion vacated*, 201 F.3d 1255 (9th Cir. 2000), *and on reh'g en banc*, 231 F.3d 663 (9th Cir. 2000) (in a mail fraud case, affirming an

GOVERNMENT'S SENTENCING MEMORANDUM - 11
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

obstruction enhancement "on the ground that [the defendant] submitted false documents to the grand jury."); *United States v. Johnson*, 56 F.3d 74 (9th Cir. 1995) (finding an obstruction enhancement was proper in a conspiracy bank robbery case because the defendant intentionally gave material, false testimony to the grand jury).

### B. The History and Characteristics of the Defendant

According to the PSR, Shibley has a criminal history category II. PSR at ¶ 40. Shibley has a string of domestic violence arrests and was on probation for a violation of a no contact order at the time of the offense. PSR at ¶¶ 39, 42-47. As detailed above, Shibley was also arrested for two separate domestic violence assaults while on pretrial release in this case.

Professionally, Shibley went to medical school in Bangladesh, where he was raised. PSR at ¶¶ 49-50. He immigrated to the United States and completed a residency program in Tennessee in 2010. PSR at ¶¶ 50, 52. After his residency, Shibley moved to Washington and took a job at Snoqualmie Valley Hospital. After four months of work at the hospital, Shibley was fired after he documented a patient history and physical without having examined the patient.[2] PSR at ¶ 53. As a result, the Washington State Department of Health placed Shibley's credential to practice as a physician and surgeon on probation in 2012.

After being fired from the hospital, Shibley then opened his own medical clinic. *Id.* However, in January 2020, Shibley's license to prescribe controlled substances was put in summary restriction. In August 2020, Shibley's license was summarily suspended after the Washington Medical Commission determined that Shibley had provided "substandard care of patients with regard to his prescribing of controlled substances." Furthermore, the Commission determined that Shibley continued to prescribe controlled substances after his license had been summarily suspended in January 2020.[3]

---

[2] Shibley claimed in the PSR that he resigned "in protest in order to avoid what he considered unethical medical practices."

[3] The August 2020 Washington Medical Commission Order is attached as Exhibit B.

GOVERNMENT'S SENTENCING MEMORNANDUM - 12
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Shibley's disregard of court orders, pretrial supervision, probation, and the medical commission demonstrate that he is incapable of abiding by instructions from courts and other authority figures.

### C. The Need for Adequate Deterrence

In this case, the need for specific deterrence of Shibley is the most compelling factor warranting an eight year term of imprisonment. Shibley's criminal record and conduct after being arrested in this case, taken with his history on non-compliance with no contact orders, medical commission orders, and the fact that Shibley committed the underlying crime and two more domestic violence assaults while on probation in his Washington State case indicates that he has been unwilling to abide by Court rules. That casual attitude about the law appears to have carried over to this offense where he was willing to take advantage of vulnerabilities in pandemic relief programs. And the sentence should reflect that Shibley repeatedly engaged in criminal conduct as it related to these programs: he submitted 26 PPP applications and 13 EIDL applications and was only stopped upon being arrested.

Beyond Shibley's unwillingness to abide by the terms of the Court and other authority figures, Shibley also attempted to manipulate the competency evaluation process in order to evade prosecution. His actions throughout the pendency of this case demonstrate a lack of respect for these proceedings.

These concerns are heightened because Shibley refuses to accept any responsibility for his actions, even after being convicted at trial. Indeed, the PSR notes that Shibley continues to maintain that he has created several businesses and "disputes what the government proved at trial." PSR at ¶ 62. Furthermore, Shibley testified in his own defense at trial and asserted that he really did have over 150 employees and really was paying over $1 million a month in payroll, despite there being no evidence to support that assertion. *See United States v. Magana-Guerrero*, 80 F.3d 398, 402 (9th Cir.1996) ("Lying with the hope of avoiding a degree of culpability or punishment is the very

GOVERNMENT'S SENTENCING MEMORNANDUM - 13
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

antithesis of acceptance of responsibility."). Given all of these considerations, a significant sentence is necessary to deter Shibley from future criminal conduct.

In addition to specific deterrence to Shibley, the sentence in this case must send a clear message to the defendant and other offenders that there are serious consequences for defrauding government and other pandemic relief programs. *See United States v. Khan*, No. 12-CR-0860 YGR, 2014 WL 2930656, at *5 (N.D. Cal. June 27, 2014) (noting "the circumstances of [the defendant's] white collar offenses, the need for a custodial sentence of sufficient length was appropriate to reflect the seriousness of the offense, promote respect for the law, and, quite importantly, afford deterrence to further and similar criminal conduct"). Actors like Shibley who seek to defraud these programs make it more difficult for administrators of government and other relief programs to get aid to individuals that qualify for and need it. The defendant's sentence should serve as a warning and deterrent to others inclined to exploit pandemic relief programs.

### D. The Sentencing Guidelines and similarly situated defendants

Section 3553(a) requires that the Court consider the need to avoid unwarranted sentence disparity among similarly situated defendants. Courts have imposed meaningful jail sentences in similar cases where defendants defrauded the PPP loan program. *See, e.g., United States v. Lee Price III*, 20-CR-522, S.D.TX, (imposing 110-month sentence on an individual who fraudulently applied for two PPP loans with a loss of $5.5 million); *United States v. Thomas Smith*, 20-CR-196, E.D.WI, (imposing 57-month sentence on an individual who led a scheme to apply for seven PPP loans with a loss of $1.4 million); *United States v. Ganell Tubbs*, 20-CR-193, E.D.AR (imposing 41-month sentence on an individual who fraudulently applied for two PPP loans with a loss of $1.9 million). Based on these cases, a meaningful, eight-year jail sentence is appropriate here.

The other cases charged in this District are not comparable. *See United States v. Zhang*, CR20-169 RAJ; *United States v. Mohan*, CR21-41 JCC; *United States v. Hsu*, CR20-191 JLR. The schemes in these cases were far less extensive that Shibley's scheme to submit more than 30 loan applications seeking more than $3.6 million. All of these

GOVERNMENT'S SENTENCING MEMORANDUM - 14
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

defendants did not have a criminal history, while Shibley was on probation for domestic violence and then arrested while on bond. And these defendants all accepted responsibility for their crimes, unlike Shibley who lied on the witness stand and failed to accept responsibility in the post-trial process.

A significant sentence is appropriate because of Shibley's behavior throughout the pendency of this case and the fact that Shibley has not accepted any responsibility for his crimes. A low sentence is inappropriate for a defendant who has consistently refused to take accountability for his behavior, obstructed the investigation, did not abide by the terms of his pretrial release, abused the competency evaluation process, and perjured himself during his testimony at trial.

Finally, the Sentencing Guidelines support a 97-month sentence – this is the low end of the applicable range. Consistent application of the Guidelines avoids unwarranted disparities in cases involving similar conduct. While there can be valid reasons to depart from the applicable Guidelines, but no such reasons apply in this case.

E. **Consideration of the Types of Sentences Available and to Reflect Policy Statements**

In testimony on April 20, 2021 by Hannibal "Mike" Ware, the Inspector General of the U.S. Small Business Administration, he stated, "[t]here is no higher priority for our office than providing oversight of SBA and the taxpayer's funds at risk through the Coronavirus Aid, Relief, and Economic Security (CARES) Act ensuing legislation and related pandemic response laws aimed at mitigating the pandemic." *See* Statement for the Record, April 20, 2021, U.S. House Committee on Small Business Administration, *available at* https://www.sba.gov/sites/default/files/202104/Statement%20for%20the%20 Record%204.20.21%20-%20508.pdf. In his written statement, Inspector General Ware described the fraud-prevention initiatives which were designed to protect program funds from opportunistic criminals. He noted that the PPP funding put "strain" on the SBA's operations and revealed some of the "systemic weaknesses" in the SBA's programs. *Id.* at 4.

GOVERNMENT'S SENTENCING MEMORNANDUM - 15
United States v. Eric Shibley, CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   The federal government should be able to provide emergency funds like PPP loans
2   to the deserving public without having to feel constrained by possible fraudsters who
3   seek to profit from the national disaster. It is important to impose a significant sentence
4   on someone who did not just misrepresent himself in a loan program in the wake of a
5   national disaster, but who acted brazenly, getting loan after loan, and refusing to stop
6   even once he was aware investigators were onto him.

7   **F.    Restitution and Forfeiture[4]**

8   Restitution is governed by the Mandatory Victims Restitution Act. *See* 18 U.S.C.
9   § 3663A. In pertinent part, the Act provides that "the court shall order…that the
10  defendant make restitution to the victim of the offense" when the offense of conviction or
11  plea agreement is one listed in the statute, including those where "an identifiable victim
12  or victims has suffered a…pecuniary loss." 18 U.S.C. § 3663A(c)(1)(B).

13  The restitution amount is calculated based on the actual loss incurred by the
14  victim. *See United States v. Gagarin*, 950 F.3d 596, 607 (9th Cir. 2020), *cert. denied*,
15  141 S. Ct. 2729, 210 L. Ed. 2d 887 (2021). In a scheme offense, the amount of
16  restitution "may include all losses caused during the course of that scheme, conspiracy or
17  pattern." *United States v. Gamma Tech Indus., Inc.*, 265 F.3d 917, 927 n.10 (9th Cir.
18  2001). A district court has "wide discretion in fashioning restitution orders." *United*
19  *States v. Grovo*, 826 F.3d 1207, 1221 (9th Cir. 2016). The government is required to
20  prove the amount of the victim's loss for restitution purposes by a preponderance of the
21  evidence. *See United States v. Peterson*, 538 F.3d 1064, 1075 (9th Cir. 2008). A victim
22  under the MVRA is "any person directly harmed by the defendant's criminal conduct in
23  the course of the scheme." 18 U.S.C. § 3663A(a)(1)-(2)

24  As proved at trial, Shibley obtained over $2.8 million in loan funds through his
25  scheme. Certain lenders were able to recover some of the money loaned, thus a

---

[4] Attached to this filing as Exhibit C is a victim impact statement from Celtic Bank. Should any other victims provide a statement in advance of sentencing, the government will provide it to the Court.

GOVERNMENT'S SENTENCING MEMORNANDUM - 16
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

restitution order is not warranted for the money that was recovered.[5] Excluding the money that was recovered by those lenders, the government requests that the Court enter a restitution order in the amount of $1,438,000, to be divided by the below victims, as part of the sentence.

For the PPP loans, the lenders are the victims for the purposes of restitution. Huntington Bank[6] and Customers Bank[7] are entitled to restitution for the funded loans as detailed below:

| Entity | Bank | Loan Amt | Amt Recovered | Outstanding Amt |
|---|---|---|---|---|
| The A Team Holdings LLC | Customers | $ 960,000 | $ - | $ 960,000 |
| Eric R Shibley MD PLLC | Huntington | 100,000 | - | 100,000 |
| ES1 LLC | Huntington | 100,000 | - | 100,000 |
| Total | | $ 1,160,000 | $ - | $ 1,160,000 |

For the EIDLs, the SBA is the victim for purposes of restitution. Both EIDL loans and advances that Shibley received are detailed below:

| Entity | Loan Amt | Amt Recovered | Outstanding Amt |
|---|---|---|---|
| Dituri Construction LLC | $ 115,000 | $ - | $ 115,000 |
| Eric R Shibley MD PLLC | 4,000 | - | 4,000 |
| Eric R Shibley MD PLLC | 31,000 | - | 31,000 |
| Eric Shibley (Sole Proprietorship) | 5,000 | - | 5,000 |
| ES1 LLC | 4,000 | - | 4,000 |
| SS1 LLC | 115,000 | - | 115,000 |
| The A Team Holdings LLC | 4,000 | - | 4,000 |
| Total | $ 278,000 | $ - | $ 278,000 |

---

[5] The loans that were funded but recalled are detailed below:

| Entity | Bank | Loan Amt | Amt Recovered | Outstanding Amt |
|---|---|---|---|---|
| Dituri Construction LLC | Celtic Bank | $ 563,500 | $ 563,500 | $ - |
| SS1 LLC | Harvest Bank | 820,000 | 820,000 | - |
| Total | | $ 1,383,500 | $ 1,383,500 | $ - |

[6] TCF Bank funded the loans. Huntington Bank acquired TCF Bank in 2021. *US v. Shibley* Trial Transcript, Testimony of David Haagsma, November 16, 2021, p. 373, lines 3-4.

[7] This loan was funded by Customers Bank, even though it was reviewed and approved by Ready Capital. *US v. Shibley* Trial Transcript, Testimony of John Mosier, November 16, 2021, p. 373, lines 19-23.

GOVERNMENT'S SENTENCING MEMORNANDUM - 17
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court entered a Preliminary Order of Forfeiture and Forfeiture Order on January 21, 2022. ECF No. 144.

## V. Conclusion

Based on the foregoing, the United States respectfully requests that this Court impose a sentence of 97 months of imprisonment, followed by three years of supervised release, and order Shibley to pay $1,438,000 in restitution to the victims named above. The government submits that an eight-year sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing.

Dated this 1st day of March 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
U.S. Department of Justice

*s/Brian Werner*
BRIAN WERNER
Assistant United States Attorney
700 Stewart Street, Suite 5220
Seattle, Washington 98101
Telephone: (206) 553-2389
Fax: (206) 553-2502
E-mail: Brian.Werner@usdoj.gov

*s/Laura Connelly*
LAURA CONNELLY
Trial Attorney
1400 New York Ave. NW
Washington, D.C. 20005
Telephone: (202) 307-1423
Fax: (202) 514-0152
E-mail: Laura.Connelly@usdoj.gov

GOVERNMENT'S SENTENCING MEMORNANDUM - 18
*United States v. Eric Shibley,* CR20-174JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970