THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>        v.<br><br>ERIC SHIBLEY,<br><br>                              Defendant. | CASE NO. CR20-0174-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion for clarification, or for an indicative ruling, regarding a credit against Defendant's restitution obligation for forfeited funds. (Dkt. No. 170.) Having thoroughly considered the briefing and the relevant record, the Court hereby GRANTS in part and DENIES in part Defendant's motion for the reasons described below.

## I.   BACKGROUND

A jury convicted Defendant of seven counts of wire fraud, three counts of bank fraud, and five counts of money laundering. (Dkt. No. 127.) The Court entered a forfeiture order transferring to the United States Defendant's interest in cash seized. (Dkt. No. 144.) Specifically, the Court ordered that Defendant's interest in Subject Properties 1–5, totaling $1,183,501.08, and in Subject Property 6, equal to $254,199.00, were fully forfeited to the United States. (*Id.* at 5–9.) At sentencing, the Court imposed restitution of $1,438,000.00 total to Defendant's victims—

Customers Bank, Huntington Bank, and the Small Business Administration. (Dkt. Nos. 152, 159.) Defendant appealed his conviction and sentence to the Ninth Circuit Court of Appeals. (Dkt. No. 155.) He then filed the instant motion for clarification or indicative ruling. (Dkt. No. 170.)

Defendant argues that requiring him to pay restitution to victims for funds he already forfeited to the Government is impermissible "double-dipping." (*Id.* at 1.) He asks the Court to clarify whether it intended him to, in effect, pay twice, or in the alternative (if the Court lacks authority to do so because of his pending appeal), to issue an indicative ruling on whether the Court intended for the forfeited funds to be credited toward Defendant's restitution obligation. (*Id.* at 1–2.)

## II.     DISCUSSION

### A.     Indicative Ruling

A district court that lacks authority to consider a motion may state (a) whether it would grant the motion if it were remanded or (b) that the motion raises a substantial issue which the district court will decide only if the court of appeals agrees it would be useful to do so before rendering a decision on appeal. Fed. R. App. P. 12.1; Fed. R. Crim. P. 37; Fed. R. Crim. P. 37 Adv. Comm. note to 2011 Amend. Due to Defendant's pending appeal with the Ninth Circuit (Dkt. No. 155), the Court concludes that it lacks jurisdiction to adjudicate the motion and will thus issue an indicative ruling. *See, e.g.*, *Currier v. JP Morgan Chase Bank, NA*, 2020 WL 1433282, slip op. at 1 (S.D. Cal. 2020) ("Ordinarily a notice of appeal deprives the Court of jurisdiction over the matter appealed.").

### B.     Forfeiture Credit

The Ninth Circuit has repeatedly ruled that restitution and forfeiture are separate remedies with different purposes. *United States v. Carter*, 742 F.3d 440, 446 (9th Cir. 2014) (citing two prior published cases reaching the same conclusion). The Mandatory Victims Restitution Act requires the Court to order restitution, the purpose of which is to make victims

whole. *Id.* at 446–47 (citing 18 U.S.C. §§ 3663A(a)(1), (c)(1)(A)(ii)). In contrast, the purpose of forfeiture is not compensation but punishment for the offender. *United States v. Newman*, 659 F.3d 1235, 1241 (9th Cir. 2011) (citing *Libretti v. United States*, 516 U.S. 29, 39 (1995)). Because forfeiture and restitution have distinct purposes, there is no impermissible double recovery when a Court orders both. *Id.* As such, defendants are not entitled to credit forfeiture amounts against restitution orders. *Carter*, 742 F.3d at 446.

Defendant argues that he suffers a "double loss" if he is required to pay victims for ill-gotten funds that the Government has already seized. (Dkt. No. 170 at 8.) As such, he asserts that the Court should have discretion to offset restitution by the amounts forfeited. (Dkt. No. 174 at 2–3.) Admittedly, he is correct that "[n]o Ninth Circuit authority speaks explicitly to whether a trial court may, in its discretion, accord credit toward a victim's restitution where the specific funds associated with that loss have been forfeited to the government and the victim has already been (or almost certainly will be) made whole under the terms of an independent government guarantee." (*Id.* at 2.) But Ninth Circuit authority *is* clear that full restitution for a victim's loss is mandatory. *Carter*, 742 F.3d at 446–47 (citing 18 U.S.C. §§ 3663A(a)(1), 3663A(c)(1)(A)(ii), 3664(f)(1)(A)). Therefore, even if the victims are made whole, Defendant's restitution obligation remains. *See United States v. Bright*, 353 F.3d 1114, 1122 (9th Cir. 2004).

Further, even if the Government is receiving both the restitution and forfeiture payments, there is still no double recovery. *United States v. Davis*, 706 F.3d 1081, 1084 (9th Cir. 2013) (finding no impermissible double recovery when the Federal Bureau of Investigation received both $1,290,000 in forfeiture and $95,000 in restitution payments). Thus, although the victim the Small Business Administration may be a federal government agency (Dkt. No. 170 at 8), the Government is not receiving double recovery; the Government may choose to assign forfeiture funds to victims, but the Court does not have discretion to do so. *Carter*, 742 F.3d at 446.

## III.   CONCLUSION

For the foregoing reasons, Defendant's motion for clarification of restitution credit for

forfeited funds or for an indicative ruling (Dkt. No. 170) is GRANTED in part and DENIED in part. The Court hereby ORDERS by indicative ruling that Defendant's motion to credit the forfeited funds toward the restitution order would be DENIED if the Ninth Circuit remanded the matter to the Court.

DATED this 29th day of June 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0174-JCC
PAGE - 4