The Hon. John C. Coughenour

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>   v.<br><br>ERIC SHIBLEY,<br><br>   Defendant. | No. CR20-174-JCC<br><br>[~~PROPOSED~~]<br><br>**FINAL ORDER OF FORFEITURE** |

THIS MATTER comes before the Court on the United States' Motion for a Final Order of Forfeiture for the following property (collectively, the "Subject Property"):

1. $49,500.86 in U.S. funds, seized on or about May 29, 2020, from Navy Federal Credit Union account #******7528, held in the name of Eric R. Shibley MD PLLC;

2. $100,000.00 in U.S. funds, seized on or about May 29, 2020, from Wells Fargo account #******2378, held in the name of ES1 LLC;

3. $804,816.63 in U.S. funds, seized on or about May 27, 2020, from Wells Fargo account #******3536, held in the name of The A Team Holdings LLC;

4. $114,440.00 in U.S. funds, seized on or about June 30, 2020, from Verity Credit Union account #***5390, held in the name of Dituri Construction LLC; and

5. $114,743.59 in U.S. funds, seized on or about June 30, 2020, from Verity Credit Union account #***5320, held in the name of SS1 LLC.

Final Order of Forfeiture - 1
*United States v. Shibley,* CR20-174-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The Court, having reviewed the United States' motion, as well as the other pleadings and papers filed in this matter, HEREBY FINDS that entry of a Final Order of Forfeiture is appropriate for the following reasons:

1. On November 18, 2021, Defendant Shibley was convicted of Wire Fraud, in violation of 18 U.S.C. §§ 1343 and 2; Bank Fraud, in violation of 18 U.S.C. §§ 1344(2) and 2; and Money Laundering, in violation of 18 U.S.C. §§ 1957 and 2. The evidence at trial established that the Subject Property was forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) – (2), as property that constitutes or is traceable to proceeds of the Wire Fraud and Bank Fraud schemes or property that was involved in the Money Laundering offenses. Dkt. Nos. 140, 144.

2. On December 17, 2021, the United States filed its Motion for Entry of a Combined Preliminary Order of Forfeiture and Order of Forfeiture (the "Combined Motion"). Dkt. No. 140. In the Combined Motion, the United States moved for a preliminary order of forfeiture as to the Subject Property, and a final order of forfeiture as to a sum of money in the amount of $254,199, reflecting the unrecovered proceeds of Defendant's fraud schemes. Id. One of the entities that Defendant used to submit false and fraudulent PPP and EIDL applications as part of his scheme to defraud COVID-19 relief programs — ES1 LLC — attempted to intervene in the criminal case regarding the $100,000, discussed above; the United States opposed ES1 LLC's attempt. Dkt. Nos. 142 - 143.

3. On January 21, 2022, the Court granted the Combined Motion and entered an Order (the "Order"), finding the Subject Property forfeitable pursuant to 18 U.S.C. § 981(a)(1)(C), by way of 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(a)(1) – (2), and forfeiting the Defendant's interest in it. Dkt. No. 144. The Court overruled ES1 LLC's objection to the preliminary forfeiture of

Final Order of Forfeiture - 2
*United States v. Shibley,* CR20-174-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the $100,000. Id. The Court also granted the United States' request for the forfeiture of a sum of money reflecting the unrecovered proceeds of the Defendant's fraud schemes. Id. The forfeiture of the sum of money is personal to the Defendant and is not at issue in the United States' Motion for Final Order of Forfeiture of the above-identified property. Id.

4. On March 8, 2022, the Court sentenced Defendant to 48-months of imprisonment, to be followed by three years of supervised release. Dkt. Nos. 151 – 152, 150. The Court ordered Defendant to pay restitution of $1,438,000.00 to his victims and ordered the forfeiture of Defendant's interest in the Subject Property and the sum of money, as previously held in the Order. Dkt. Nos. 152, 159.

5. The Defendant appealed his conviction and sentence to the Ninth Circuit Court of Appeals. Dkt. No 155.

6. On June 10, 2022, Defendant filed a Motion for Clarification of Restitution Credit for Forfeited Funds or for Indicative Ruling, requesting the Court authorize credit against his restitution order for forfeited property (the "Motion"). Dkt. No. 170. After considering the opposition of the United States and the Defendant's Reply, Dkt. Nos. 173 – 174, the Court held that it lacked jurisdiction to adjudicate the Motion due to the Defendant's pending appeal of his conviction and sentence. Dkt. No. 175. The Court also issued an indicative ruling that if the Ninth Circuit were to remand the matter to the Court, then the Court would deny the Motion to credit the forfeited funds toward the restitution order. Id. The Defendant also appealed this Order. Dkt. No. 176.

7. The United States published notice of the pending forfeiture, as instructed by the Court and required by 21 U.S.C. § 853(n)(1) and Federal Rule of Criminal Procedure ("Fed. R. Crim. P.") 32.2(b)(6)(C). Dkt. No. 147. The United States also sent notice of the pending forfeiture directly to six

Final Order of Forfeiture - 3
*United States v. Shibley*, CR20-174-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

identified potential claimants – one individual and five businesses associated with Defendant – at their last known addresses and, where applicable, by sending notice to counsel. Declaration of Assistant U.S. Attorney Krista K. Bush in Support of Motion for Final Order of Forfeiture, ¶ 2, Exhibits A, B, C, D, E, & F;

8. The time for filing third-party petitions has expired and none were filed;

9. Neither the Defendant nor the United States have sought to stay enforcement of the sentence.

NOW, THEREFORE, THE COURT ORDERS:

1. No right, title, or interest in the Subject Property exists in any party other than the United States;

2. The Subject Property is fully and finally condemned and forfeited, in its entirety, to the United States; and

3. The United States Department of Justice, and/or their representatives, are authorized to dispose of the Subject Property in accordance with the law.

IT IS SO ORDERED.

DATED this 30th day of September 2022.

*signature*

John C. Coughenour
UNITED STATES DISTRICT JUDGE

Final Order of Forfeiture - 4
*United States v. Shibley,* CR20-174-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Presented by:

*s/Krista K. Bush*
KRISTA K. BUSH
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101
(206) 553-2242
Krista.Bush@usdoj.gov

Final Order of Forfeiture - 5
*United States v. Shibley,* CR20-174-JCC

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970